UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SILVA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CHASE BANK; WONDERLY CORREIA; BANK OF AMERICA AND WELLS FARGO BANK,<br><br>　　　　　　Defendants. | 1:16-cv-000693-DAD-EPG<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 3.) |

**I.　Introduction**

Plaintiff is proceeding *pro se* in this civil action.[1] (Doc. 1). On May 16, 2016, he filed a complaint against: Chase Bank; Wonderly Correia, a manager a Chase Bank; Bank of America; and Wells Fargo Bank ("Defendants"). (Doc. 1, pg. 2-3). The facts of the complaint are unclear but seem to allege that the Defendants are taking money out of several of Plaintiff's bank accounts without authorization or explanation. (Doc. 1, pgs. 4-6). The Court has reviewed Plaintiff's complaint and it appears that this Court's jurisdiction is not proper. Accordingly, the Court dismisses the Complaint with leave to file an amended complaint.

**II.　Analysis**

As explained to Plaintiff in the Court's prior order (Doc. 5), federal courts are courts of limited jurisdiction. *Kokonnen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377 (1994). The court may raise the absence of subject matter jurisdiction *sua sponte*, and must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) (if a court determines at any time that it lacks subject matter jurisdiction, it must

---

[1] Plaintiff is not proceeding *in forma pauperis* as he paid the filing fee on May 23, 2016.

1

dismiss action); *Steel v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (court bound to ask and answer for itself, whether it has jurisdiction, even when not otherwise suggested); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc) (The Court is required to examine its own jurisdiction *sua sponte* and to dismiss the complaint if jurisdiction was lacking); *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (federal court may dismiss *sua sponte* if jurisdiction is lacking).

Plaintiff contends that jurisdiction is based on a federal question. (Doc. 1, pg. 4). However, "a case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Here, Plaintiff's complaint merely alleges, "Chase Bank charged loan [sic] from 2004 to 2007 and been taking money out of my account." (Doc. 1, pg. 4). After listing the amounts in the accounts at held at Chase Bank, Bank of America, and Wells Fargo, Plaintiff states, " I know that much is right but I don't know how much more is missing because they stop [sic] sending my statements. Well[sic] Fargo are riding[sic] checks out of my account." (Doc. 1, pg. 5).

The complaint does not contain any additional facts and does not contain any allegation or citation to law arising under the Constitution, federal law, or treaties of the United States. Plaintiff is advised that to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. at 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter,

accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.  In this case, Plaintiff has not given the Court enough facts or cited any legal authority to state a claim.

Finally, Plaintiff is advised that pursuant to 28 U.S.C. § 1332, federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "*citizens* of different states." 8 U.S.C. § 1332; *Abrego Abrego et al. v. The Dow Chemical Co*., 443 F.3d 676, 684 (9th Cir. 2006). "Subject matter jurisdiction based upon diversity of citizenship requires that *no* defendant have the same citizenship as any plaintiff." 28 U.S.C. § 1332 (a); *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ... on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id*. (quoting *Smith v. McCullough*, 270 U.S. 456 (1926)).

Here, Plaintiff is citizen of California and it appears that Defendant Correia, a teller at Chase Bank, is also a California citizen. Because both parties are citizens of California, diversity jurisdiction cannot be established.  Since Plaintiff has not established federal question or diversity jurisdiction, the Court dismisses Plaintiff's complaint based on a lack of subject matter jurisdiction.

### III.   Leave to Amend

The Court is dismissing Plaintiff's case without prejudice based on a lack of jurisdiction as outlined above.  However, Plaintiff is given leave to amend his claims and file an amended complaint to cure the jurisdictional defect.[2]  If Plaintiff chooses to file an amended complaint,

---

[2] On May 18, 2016, Plaintiff filed a Motion to Add a New Party.  (Doc. 4).  As noted in this Court's previous order issued on May 20, 2016 (Doc. 6), if Plaintiff wishes to add a party, he should do so in the amended complaint.  If Plaintiff files an amended complaint, he should be mindful that the addition of another Defendant who is a citizen of California will further destroy diversity jurisdiction as outlined above.

he shall carefully consider the guidelines set forth in this order and only file an amended complaint if he believes he can allege cognizable federal claims or establish diversity jurisdiction. If Plaintiff files an amended complaint Plaintiff must clearly organize what claim is being brought against each defendant, the legal basis for each claim, and he must meet the plausibility standard outlined above.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949-50.    Any amended complaint shall bear the case number assigned to this action and be labeled "Amended Complaint."  Plaintiff is hereby notified that any amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907, n. 1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the original complaint.  *See* Local Rule 220.

### IV.   Order

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE WITH LEAVE TO AMEND.  Any amended complaint shall be filed no later than **July 30, 2016**, and be no more than twenty-five (25) pages.  ***Failure to file an amended complaint by the date specified will result in dismissal of this action without prejudice.***

IT IS SO ORDERED.

Dated:   **June 20, 2016**           /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE